**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CR. NO. 20-003 (TSC)(DAR)** |
| | : | |
| **RONALD HENDERSON,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) of the federal bail statute.  The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### I.  Procedural History

At the initial appearance on January 1, 2020, the government orally moved for detention pending trial pursuant to the above-referenced provision of the federal bail statute, which was granted by the Court.  The Court set a detention hearing for Tuesday, January 7, 2020.  On January 3, 2020, the grand jury returned an indictment charging the defendant with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1).

### II.  Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing."

18 U.S.C. § 3142(f).   The parties may proceed by way of proffer and hearsay is permitted.   Id.;

United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).   Moreover, the government is not

required to "spell out in precise detail how the government will prove its case at trial, nor specify

exactly what sources it will use."   United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986);

United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992).   A pretrial detention hearing should

not be used as a discovery device and cross-examination should be limited to the disputed issues,

since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge

to obtain discovery.   Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining

whether to detain the defendant pending trial: (1) the nature and circumstances of the offense

charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics;

and (4) the nature and seriousness of the danger to any person or the community that would be

posed by his release.   See 18 U.S.C. § 3142(g).   A review and understanding of the facts and

circumstances in this case require the Court to conclude that there is no condition or combination

of conditions that would assure the safety of the community.   Therefore, the defendant should be

detained. See 18 U.S.C. § 3142(e)(1).

### A.      Nature and Circumstances of the Offenses Charged

On December 31, 2019 at approximately 10:29 p.m., Metropolitan Police Department

(MPD) officers Cyphers, Rowley, and Bartley were patrolling in full police uniform, operating a

marked police car, in the 300 block of 37th Street, S.E., Washington D.C.   Officers were in the

area because it is a known location for individuals carrying firearms and firing guns on New Year's

Eve.   The officers passed 324 37th Street, S.E., and heard a loud pop.   The officers in the car

recognized the "pop" as a sound consistent with the sound of a gunshot.   Officer Rowley observed

a male wearing a black jacket, later identified as the defendant, standing at the top of the walkway

towards a building, and saw what he believed to be a muzzle flash near him.

The defendant turned away from the street and began walking on the walkway towards 318

37th Street, S.E.   Officers Cyphers and Bartley, also observed the defendant wearing a black

jacket quickly walking towards 318 37th Street, S.E.   It was at this point that Officers Cyphers

and Bartley exited their police vehicle and made their way up the stairs to the walkway in order to

make contact with the defendant.

Officers Cyphers and Bartley hastily began jogging to catch up with the defendant as they

observed him make a right turn and head into the hallway in the basement of 318 37th Street, S.E.

As the officers made their way into the same hallway in the basement, they observed the defendant

exit the building through the back door, which goes out to a driveway and then connects to 324

37th Street, S.E.   Officer Bartley kicked the back door open, not knowing if the suspect was

waiting on the other side with a gun.   Officer Cyphers then exited through the back door and

observed the defendant standing on a curb, trying to go to the rear door of 324 37th Street, S.E.

Officers Cyphers and Bartley immediately began giving the defendant commands as they

approached him.   The defendant attempted to run and then slipped on the curb and fell to the

ground.

Officer Cyphers began trying to handcuff the defendant, and in the process, Officer Bartley

observed a silver and black in color handgun in the defendant's waistband on the right-hand side

Officer Bartley removed the gun and rendered the weapon safe on scene.   Officer Cyphers was

able to secure the defendant in handcuffs without incident.

The firearm recovered from the defendant was a Smith & Wesson 9mm semiautomatic weapon, Serial No. DYK9046.  The firearm contained a 15 round capacity magazine with 10 rounds of 9mm ammunition.

### B.      Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention.  The evidence against the defendant is strong.  The defendant took unprovoked flight from law enforcement officers after MPD officers heard the sound of gunfire and observed what appear to be a muzzle flash around the area of defendant.   As the officers were attempting to detain the defendant, one officer observed a firearm in the defendant's waistband.   The firearm was recovered. It was loaded with ten (10) rounds of ammunition in the magazine.   The incident, including the recovery of the firearm from the defendant's waistband, was captured on body worn camera footage.   Additionally, post-arrest and after waiving his *Miranda* rights, the defendant agreed on video to speak with law enforcement and admitted to firing the weapon and possessing it, as well as being a felon.

### C.      The Defendant's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of the detention.   The defendant has the following prior convictions:

- Possession of Marijuana (Virginia, 2017)

- Simple Assault/Destruction of Property Less Than $1000 (Washington, D.C., 2016)

- Attempt by Driver to Elude Uniformed Police (Maryland, 2015)

- First Degree Assault (Maryland, 2007)

- Attempted Carrying a Pistol Without a License, Unregistered Firearm, Unlawful

Possession of Ammunition (Washington, D.C., 2005)

- Attempted Possession of Cocaine (Washington, D.C., 2005)

The government submits that the defendant should not be released.

**D.** **Danger to the Community**

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. This offense involves the defendant's reckless discharge of an illegal firearm while in the community, by his own admission. The firearm that the defendant possessed had the potential to cause serious bodily injury to or the death of innocent persons in the community. Additionally, the defendant has a history of assaultive conduct as evidenced by his prior convictions.

**III.   Conclusion**

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472-845

By:　　　　　　/s/
LISA NICOLE WALTERS
D.C. Bar No. 974-492
Assistant United States Attorneys
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
Telephone: (202) 252-7499
E-mail: Lisa.Walters@usdoj.gov

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Joanne Slaight via the Electronic Case Filing (ECF) system, this 6th day of January, 2020.

                                            /s/
                                  _____
                                  Lisa N. Walters
                                  Assistant United States Attorney